## KINI (*w.*) *vs.* NAPUA.

### EJECTMENT. BEFORE JUDD, C.J.

### JULY TERM, 1883.

A party taking under a will does not take the property subject to the construction placed upon the will by the Probate Court: such construction is *obiter dictum*.

### DECISION OF JUDD, C.J.

The plaintiff in this case is an elderly Hawaiian woman, and seeks to recover in this action the possession of some land at Kalihi, Oahu, to wit: All those parcels of land described in Royal Patent No. 667, granted to Luaiki. It is proved in evidence that Luaiki died over thirty years ago, and the plaintiff claims that she is a niece of Luaiki, her mother (Umiokalani) being Luaiki's sister, and I think she has substantiated her relationship. Luaiki had a brother Kahilahila, who died,

leaving a child Kahookahi, who married Kahue and had issue Kaimiaina.

Kaimiaina married Kahookuilani, and had issue Eliama.

The defendant Napua claims the land by virtue of a deed from the Kahookuilani above-mentioned, and shows in evidence a deed from George Kaihenui to Kahookuilani. This Kaihenui was the husband of Eliama, and they had a child who died while still a minor. Its parents therefore inherited its property. And if the case rested here, the defendant, as the representative of Kahilahila, the brother of Luaiki, would inherit this estate in common with the plaintiff. But the records of the Probate Court in the estate of Luaiki are put in by the defense. By them it appears that in 1858 a paper, purporting to be the will of Luaiki, was presented to the late Justice Robertson for probate. It was contested by the children of Luaiki, but finally admitted to probate, "the Court understanding that the property was left by the testator to his children, and that Kaimiaina was left the executor of his will and guardian of his children."

I translate the will as follows:—

Kalihi, Kona, Oahu,<br>
July 15th, 1853.

Will of my real and personal estate to my moopuna.

I hereby devise all my property to my moopuna, J. Kaimiaina; my real estate and my personal estate and my two children, Waipio a daughter, and Pele a son; do you two, my children, remain (on the land) and your guardian is my moopuna until the time when you shall be provided for, then the guardianship of my moopuna over you two shall cease, and all the property shall be my moopuna's, and if he desires to divide the property of you (oukou) then he may divide it, but if one of you (oukou) shall die, then his share shall go to the survivor. Nevertheless, it shall be left to my moopuna to say whether to divide or not. No one shall interfere with the property of my moopuna.

The following is the property: Four horses, one house-lot, one kuleana and four orange trees on Konohiki's land.

The witnesses to this testamentary disposition of mine are (signatures) Keukaha, Kaulili and Pulio.

(Signed)     LUAIKI, devising to J. Kaimiaina.

I am of the opinion that it was the intention of the testator to devise his estate to his moopuna, or grand-nephew, Kaimiaina.

The construction of this will most favorable to Luaiki's children would be that the land was left to them and to Kaimiaina as joint tenants, the land to go to the survivor of them.

Luaiki died of the small-pox in 1853, his son Pele died a few days later. Waipio, the daughter, was present in the Probate Court as a witness, and survived a few years. Kaimiaina died quite recently on Molokai.

The death of the children of Luaiki before Kaimiaina vests the estate in him, and therefore his representative, the defendant, is entitled to the estate.

It was contended by plaintiff's counsel that the party taking under a will, takes the property subject to the construction placed upon the will by the Probate Court. I do not think so. Judge Robertson's opinion as to the construction of this will, while sitting in probate, is *obiter dictum*.

*E. Preston*, for plaintiff.

*W. R. Castle*, for defendant.